FILED
 2009 Feb-27  PM 02:24
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KARLA VALENTINE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) CIVIL ACTION NO.: |
| v. | ) |
| | ) |
| RUSSELL & COMPANY, LLC, and LARRY RUSSELL, | ) PLAINTIFF DEMANDS ) TRIAL BY STRUCK JURY |
| | ) |
|    Defendants. | ) |

_____

## COMPLAINT
_____

### JURISDICTION AND VENUE

1. This is a suit to obtain relief for violation of the Equal Pay Act ("EPA").

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§2201 and 2202.

3. Venue is proper under 28 U.S.C. § 1391, as the Defendant employed the Plaintiff in Jefferson County, Alabama.

### PARTIES

4. The plaintiff, Karla Valentine, a female, was more than 19 years old at the time of the events in question, and is a resident of Tuscaloosa County, Alabama.

5. Defendant Larry Russell, operated as a sole proprietorship performing accounting services in Jefferson County, Alabama, until June 2006.

6. From 1998, through June 2006, Defendant Larry Russell employed Ms. Valentine.

7. From 1998, through June 2006, Defendant Larry Russell qualified as Ms. Valentine's employer for purposes of the Equal Pay Act.

8. Defendant, Russell & Company, LLC("Russell"), upon information and belief is an Alabama limited liability company doing business in the State of Alabama and Jefferson County, Alabama.

9. At all times relevant to this action, Russell qualified as Ms. Valentine's employer for purposes of the Equal Pay Act.

## BACKGROUND

4. Ms. Valentine is a female.

10. Ms. Valentine began her career at Russell in August 1988.

11. Ms. Valentine worked at Russell as an accountant.

12. In 2005, Defendant Larry Russell hired Randy Roberts as an accountant.

13. Mr. Roberts and Ms. Valentine performed substantially the same job duties for Defendant Larry Russell.

14. Defendant Larry Russell paid Mr. Roberts at a rate of time and a half for hours he worked in excess of 40 hours a week.

15. Defendant Larry Russell did not pay Ms. Valentine and other females employed by Russell at a rate of time and a half for hours she worked in excess of 40 hours a week.

16. Ms. Valentine complained in writing to Larry Russell about not receiving overtime pay at a rate of time and a half when a male employee, Mr. Roberts, received such pay.

17. In June 2006, Defendant Larry Russell reincorporated his business to be Defendant Russell.

18. On or about June 18, 2007, Ms. Valentine discovered that Russell paid Randy Roberts at a rate of time and a half for hours he worked in excess of 40 hours a week.

19. Ms. Valentine learned that Russell paid Mr. Robert's straight time

through a payroll check.

20. Russell paid Mr. Robert's half time pay through a manual check.

21. Russell paid Ms. Valentine straight time for hours she worked in excess of 40 hours a week.

22. Ms. Valentine again complained about the pay inequity, but did not receive comparable compensation to that being paid to Mr. Roberts.

23. On June 22, 2008, the Defendant terminated Ms. Valentine.

24. Ms. Valentine's complaint about her pay amounted to a complaint that the defendant was violating the Equal Pay Act.

25. Ms. Valentine's pay was not brought in line with Mr. Roberts's rate of pay.

26. Upon information and belief, Mr. Roberts had less experience than Ms. Valentine.

## COUNT I
## EQUAL PAY ACT
(Pay)

22. The plaintiff adopts and incorporates each allegation set forth above in support of this Count.

23. Mr. Roberts and Ms. Valentine performed substantially the same job.

23. Russell paid Mr. Roberts a higher rate of pay than Ms. Valentine to perform substantially the same work as Ms. Valentine.

24. The jobs performed by Ms. Valentine and Mr. Roberts required equal skill, effort, and responsibility.

25. Ms. Valentine and Mr. Roberts worked under similar working conditions.

26. Russell did not act in good faith in violating the Equal Pay Act.

27. Russell intentionally and willfully violated the Equal Pay Act.

WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully requests the entry of a judgment against Russell for violations of the Equal Pay Act, pursuant to an order awarding:

    a. Actual damages;

    b. Liquidated damages;

    c. Injunctive relief, including backpay;

    d. That relief which is fair, just and equitable under the circumstances of the case;

    e. Reasonable attorney fees; and

    f. The costs of this suit.

## COUNT II
## EQUAL PAY ACT
(Retaliation)

28. The plaintiff adopts and incorporates each allegation set forth above in support of this Count.

29. Ms. Valentine engaged in activity protected by the Equal Pay Act when she complained about her pay as compared to that of Randy Roberts.

30. After Ms. Valentine complained about the discriminatory nature of her pay, Russell eliminated her position.

31. One or more of the persons involved in the decision to eliminate Ms. Valentine's position knew Ms. Valentine had complained of her rate of pay.

32. The reason given to Ms. Valentine for her position being eliminated was a pretext to cover a discriminatory motive.

33. Russell did not act in good faith in violating the Equal Pay Act.

34. Russell intentionally and willfully violated the Equal Pay Act.

WHEREFORE, PREMISES CONSIDERED, the plaintiff respectfully requests the entry of a judgment against Russell for violations of the Equal Pay Act, pursuant to an order awarding:

      a.      Actual damages;

      b.      Liquidated damages;

      c.      Injunctive relief, including backpay, reinstatement, and/or reasonable front pay;

      d.      That relief which is fair, just and equitable under the circumstances of the case;

      e.      Reasonable attorney fees; and

      f.      The costs of this suit.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL OF ALL ISSUES SO TRIABLE.

 

_____
Heather Newsom Leonard
Attorney Code: ASB-1152-O61H
ATTORNEY FOR PLAINTIFF

Of Counsel:

Heather Leonard, P.C.
2108 Rocky Ridge Road, Suite 1
Birmingham, Alabama 35216
(205) 978-7899 voice
(205) 278-1400 facsimile
Heather@HeatherLeonardPC.com

<u>SERVE DEFENDANTS BY CERTIFIED MAIL:</u>

Russell & Company, LLC
c/o Larry Russell, Registered Agent
1713 Third Avenue North
Bessemer, Al 35020